The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72033-0787
Dear Senator Russ:
This is in response to your request for an opinion regarding whether a private employer has the right to deny a duly appointed process server access to the premises for the purpose of serving an employee with civil process. This question was answered in the affirmative in Attorney General Opinion No. 87-317, which I have attached for your convenience. Based upon my review, the analysis in this earlier opinion is still correct in all respects.
Paraphrased, your question is whether a private employer can be compelled to assist a process server in obtaining service on a third party. The answer to this question is no. Significantly, in 1987, the year of this office's previous opinion, the United States Supreme Court reasserted the expectation of privacy on commercial premises, limiting the conditions under which warrantless searches might be conducted even in closely regulated businesses. New York v. Burger, 482 U.S. 691 (1987). To afford a process server an unqualified right of entry onto the premises of an ordinary business — the equivalent of a warrantless search — is flatly inconsistent with this privacy interest.
In your request, you suggest that an employer's refusal to cooperate with a process server might constitute obstruction of justice. However, a review of the pertinent statute confirms that this is not the case. A.C.A. § 5-54-102 provides:
 (a) A person commits the offense of obstructing governmental operations if the person:
 (1) Knowingly obstructs, impairs, or hinders the performance of any governmental function;
 (2) Knowingly refuses to provide information requested by an employee of a governmental agency relating to the investigation of a case brought under Title IV-D of the Social Security Act and is the physical custodian of the child in the case;
 (3) Fails to submit to court-ordered scientific testing by a noninvasive procedure to determine the paternity of a child in a case brought under Title IV-D of the Social Security Act; or
 (4) Falsely identifies himself or herself to a law enforcement officer.
 (b) Obstructing governmental operations by using or threatening to use physical force is a Class A misdemeanor. Otherwise, obstructing governmental operations is a Class C misdemeanor.
(c) This section shall not apply to:
(1) Unlawful flight by a person charged with an offense; or
(2) Refusal to submit to arrest; or
 (3) Any means of avoiding compliance with the law not involving affirmative interference with governmental functions unless specifically set forth in this section; or
 (4) The obstruction, impairment, or hindrance of unlawful action by a public servant.
In my opinion, subsection (a)(1) of this statute, which you exclusively recite in your request, applies only to deliberate, affirmative acts of interference with governmental action, not to mere lack of cooperation by an employer. This conclusion is confirmed in subsection (c)(3), which provides that, unless otherwise specified, only "affirmative interference with governmental functions" will qualify as obstruction of justice. Failure to cooperate with a process server is not included among the few varieties of inaction that amount to obstruction of justice. See
subsections (2) and (3).
Finally, I will remind you that, by statute, my advisory function is limited to counseling various public servants and entities on constitutional and legal matters of official significance. A.C.A. §25-16-706. Moreover, under A.C.A. § 25-16-701, I am precluded from engaging in or assisting the private practice of law. Accordingly, this opinion is not provided for the benefit of private third parties and should not be relied upon for that purpose.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh
Enclosure